Wang v. Holder

BIA
Cheng, IJ
A087 974 622

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT:
        ROBERT D. SACK,
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges*.
_____

CHUN LI WANG,
        *Petitioner*,

        v.                                              13-675

                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Grace Victoria Calle, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Kristen Giuffreda Chapman,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Li Wang, a native and citizen of China, seeks review of a January 28, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") September 22, 2011 denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Li Wang*, No. A087 974 622 (B.I.A. Jan. 28, 2013), *aff'g* No. A087 974 622 (Immig. Ct. N.Y. City Sept. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other

record evidence without regard to whether they go "to the heart of the applicant's claim," demeanor and responsiveness to questioning, and the "inherent plausibility" of the applicant's account. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

First, we defer to the IJ's findings regarding demeanor. The agency made a preliminary finding that Wang's demeanor suggested he was testifying in a scripted manner. This finding is supported by the record and is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

The adverse credibility determination is further supported by the IJ's identification of inconsistencies in the record and omissions from Wang's asylum application. As the agency found, Wang's asylum application lacked any information about his religious activities between 1993 and 2004. Wang explicitly stated in his application that he "didn't have contact . . . with Christianity" during this time period. However, he testified that he prayed and read the Bible in his home throughout this period. Viewed as

3

either as an omission or an inconsistency, the agency's consideration of this discrepancy in determining credibility was appropriate. Furthermore, Wang's explanation for the omission-namely, that this information was not important-was insufficient to compel the conclusion that his testimony was credible. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (internal quotation marks and citations omitted).

The agency also reasonably relied on testimonial inconsistencies regarding whether Wang sought medical attention after his alleged beating for attending an underground church. Wang initially stated he received no medical attention, but then stated that he did receive treatment at a private clinic. Further, Wang's explanation for omitting information about his injuries from his asylum application -- that he "did not think about this" -- also was insufficient to compel the conclusion that his testimony was credible. *Id.*

Given the demeanor findings and the inconsistencies and omissions relating to the practice of Christianity and sole

4

allegation of past harm, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. As all of Wang's claims share the same factual predicate, the adverse credibility determination is dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk